UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:07-cr-00061-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | AMENDED |
| (11) MARTRAI EZEKIEL DAVIS, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court *sua sponte* following the entry of its Order granting in part the Defendant's Motion and Memorandum to Reduce Sentence under the First Step Act of 2018. (Doc. No. 855). Having carefully reviewed the motions, the parties' briefs, and all relevant portions of the record, the Court, in its discretion, will grant in part Defendant's motion and reduce his sentence to **one hundred and ninety-eight (198) months** and reduce his supervised release term to **eight (8) years**. This Order, upon its signing, vacates the Court's previous Order (Doc. No. 855).

**I.  BACKGROUND**

Between 2006 and 2007, Defendant participated in a drug-trafficking organization that distributed powder and crack cocaine, marijuana, and Ecstasy in the Hidden Valley neighborhood in Charlotte. (Doc. No. 324, p. 6-9). Defendant bought and sold crack cocaine and bought powder cocaine, converting it into crack cocaine for distribution. Id. Defendant also regularly carried firearms, and police found an assault rifle and numerous rounds of ammunition when they searched the home where Davis was arrested in March of 2007. Id. Defendant was responsible for at least 109 grams of crack cocaine during his participation in the conspiracy. Id. at 9.

A federal grand jury indicted Defendant and charged him and 19 others with conspiracy to

1

possess with intent to distribute at least 50 grams of crack cocaine, 300 grams of powder cocaine, marijuana and Ecstasy. (Doc. No. 140, p. 3–4).  Defendant was also charged with distributing at least 5 grams of crack cocaine, possessing with intent to distribute marijuana, and possessing a firearm as a convicted felon. Id. at 16, 30.  The United States filed an information under 21 U.S.C. § 851, notifying Defendant and this Court that it intended to seek an enhanced penalty based on his prior convictions for felony drug offenses. (Doc. No. 24, p. 3).

Defendant entered into a plea agreement with the United States, agreeing to plead guilty to the conspiracy offense, in exchange for which the United States dismissed the remaining counts against him. (Doc. No. 205, p. 1).  The United States and Defendant stipulated that more than 50 grams of crack cocaine were reasonably foreseeable to him. Id. at 2.

This Court's probation office submitted a presentence report and calculated a base offense level of 30 based on Defendant's responsibility for 109 grams of crack cocaine. (Doc. No. 324, p. 10).  Based on Defendant's prior robbery and drug-trafficking convictions, the probation officer classified him as a career offender, subject to an adjusted offense level of 37 and a total offense level of 34. Id.  The probation office calculated a preliminary Sentencing Guidelines range of between 262 and 327 months in prison based on a total offense level of 34 and a criminal-history category of VI. Id. at 28-29.  Defendant also faced a statutory mandatory-minimum term of life in prison, increasing the Sentencing Guidelines term to life in prison. Id.

The United States partially withdrew its section 851 notice, reducing the mandatory minimum to 240 months in prison. (Doc. No. 395, p. 4).  This Court sentenced Defendant to 310 months in prison, departing downward from the range advised by the Sentencing Guidelines because of his assistance to the United States. Id. at 2.  Defendant now asks this Court to reduce

2

his sentence under the First Step Act.

## II. DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER THE FIRST STEP ACT

In his Motion, Defendant states he is eligible for a reduced sentence because he was convicted of a "covered offense" as defined in the Act. (Doc No. 847, p. 3). Defendant also states that if a person is eligible, the court must exercise its discretion to determine whether to reduce the defendant's sentence and, if so, by how much. Id. Finally, Defendant argues that should a defendant be eligible, the Court *must* consider the Section 3553(a) factors, including the applicable guidelines range and any mitigating evidence arising from the defendant's post-sentencing rehabilitation. Id.

Defendant's Motion for Resentencing seeks relief under Section 404 of the First Step Act. (Doc. No. 847). Section 404 gave retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. See First Step Act, Pub. L. No. 115- 391, § 402(a), 132 Stat. 5194, 5221 (2018). Section 404(b) of the Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010, (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 132 Stat. at 5222.

The Fourth Circuit explained in United States v. Wirsing that this definition of "covered offense" means that "[a]ll defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) . . . are eligible" for a sentence reduction under section 404 of the First Step Act, unless they have already moved for relief under section 404 or they received the benefit of the Fair Sentencing Act when they were sentenced. 943 F.3d 175, 186 (4th Cir. 2019); see also Section 404(c) of the First Step Act, 132 Stat. at 5222. The Fourth Circuit held in United

3

States v. Woodson that a defendant convicted under the default punishment provision of 21 U.S.C. § 841(b)(1)(C) for possessing with intent to distribute crack cocaine has also been convicted of a "covered offense," because by increasing the drug-quantity thresholds of section 841(b)(1)(A)(iii) and (B)(iii), the Fair Sentencing Act also altered the default drug quantity that would place a defendant's offense in section 841(b)(1)(C) by increasing the drug-quantity threshold for that section. 962 F.3d 812, 816 (4th Cir. 2020).

Taken together, Wirsing and Woodson mean that any defendant convicted of a crack cocaine offense punishable by 21 U.S.C. § 841(b)(1) before the effective date of the Fair Sentencing Act is eligible for a sentence reduction under the First Step Act, unless he has already sought and been denied such a reduction or he received the benefit of the Fair Sentencing Act when he was originally sentenced.

Defendant is eligible for a *discretionary* reduction of his sentence under the First Step Act, because he was convicted of a "covered offense" for which the First Step Act authorizes a reduced sentence. He pleaded guilty to possessing with intent to distribute crack cocaine, and Wirsing and Woodson make clear that his crack cocaine offense is a "covered offense" under section 404(a) of the First Step Act.

Had the Fair Sentencing Act had been in effect when Defendant committed his offense, the Sentencing Guidelines still would have advised a sentence of between 262 and 327 months in prison. (Doc. No. 853 at 2). When this Court sentenced Defendant, his guideline range was governed by the career-offender guideline, and the guideline range advised by that guideline has not changed. However, had the First Step Act been in effect when Defendant was sentenced, a partial withdrawal of his section 851 notice would have resulted in a mandatory-minimum term of

4

120 months, instead of 240 months in prison. And to reward Defendant for his assistance to the United States, a sentence below the range advised by the Sentencing Guidelines is warranted at the time.

*Assuming without deciding*, the Defendant's guideline range should be calculated without the career-offender enhancement as suggested under Norman, before reducing his sentence this Court must consider whether release or reduction is warranted given the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). In this case, the Court denies the request because it is not warranted under the § 3553(a) factors.

Defendant has a long criminal history which includes five drug-trafficking convictions (including this conviction), prior conviction for taking indecent liberties with a minor, and a prior conviction for being an accessory after the fact to robbery with a dangerous weapon. (Doc. No. 324). Also, after receiving a suspended sentence for his robbery conviction, Defendant repeatedly violated the terms of his probation, which led to its revocation. (Doc. No. 324). Finally, the nature and circumstances of Defendant's offense weighs against a time-served sentence. Defendant regularly carried firearms during the course of his participation in the drug-trafficking conspiracy and possessed an assault rifle when police arrested him. (Doc. No. 324, p. 8). This combination of drug-trafficking and firearms is especially dangerous. And because of Defendant's

extraordinary recidivism, the need to protect the public from further offenses committed by him, and the need to deter him and others from similar criminal misconduct also weigh against the extraordinary sentence reduction he requests.

Defendant consistently committed criminal offenses, and his participation in the drug-trafficking conspiracy for which he is currently imprisoned began upon his release from an earlier term of imprisonment. (Doc. No. 324, p. 7-8). The seriousness of the Defendant's criminal history and the sentence imposed against him must be considered when the Court asks itself if releasing him will serve the interests of general or individual deterrence. The Court recognizes the seriousness of Defendant's offense, the necessity to provide just punishment, and Defendant's persistence in breaking the law. The Court must protect the public from the possible danger of Defendant's continued narcotics behaviors, when deciding whether to reduce the sentencing, thereby promoting specific deterrence. Thus, Defendant's immediate release is not warranted under the relevant § 3553(a) factors due to his potential danger to the public.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED Defendant Martrai Ezekiel Davis's Motion for Sentence Reduction under the First Step Act (Doc. No. 847) is **GRANTED IN PART**. The Court, in its *discretion*, will grant in part Defendant's motion and reduce his sentence to **one hundred and ninety-eight (198) months** and reduce his supervised release term to **eight (8) years**. This Order, upon its signing, vacates the Court's previous Order (Doc. No. 855).

IT IS SO ORDERED.

Signed: November 16, 2020

_Frank D. Whitney_
Frank D. Whitney
United States District Judge